# EXHIBIT A

9/10/24
3:05pm
MƐC

## Court of Common Pleas of Philadelphia County
### Trial Division
# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
|---|
| **AUGUST 2024** |
| E-Filing Number: 2408050493 |
| **02775** |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| KRISTEN ARONOFF | TEMPLE UNIVERSITY OF THE COMMONWEALTH SYSTEM OF HIGHER EDU |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 723 COOPER LANDING ROAD<br>CHERRY HILL NJ 08002 | 1330 POLETT WALK, FL. 3<br>PHILADELPHIA PA 19122 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | DR. CARRIE SNYDER |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 1330 POLETT WALK, FL. 3<br>PHILADELPHIA PA 19122 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | JEANETTE RIZZO |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 1330 POLETT WALK, FL. 3<br>PHILADELPHIA PA 19122 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 1 | 4 | ☐ Complaint<br>☒ Writ of Summons | ☐ Petition Action<br>☐ Transfer From Other Jurisdictions | ☐ Notice of Appeal |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

**CASE TYPE AND CODE**

1E - EMPLOYMENT, WRONGFUL DISCHARGE

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED PRO PROTHY** | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|---|
| | AUG 22 2024 | YES       NO |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>KRISTEN ARONOFF</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| MATTHEW B. WEISBERG | WEISBERG LAW, PC<br>7 S MORTON AVE<br>MORTON PA 19070 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (610)690-0801 | (610)690-0880 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 85570 | mweisberg@weisberglawoffices.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| MATTHEW WEISBERG | Thursday, August 22, 2024, 04:00 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

    1. TEMPLE UNIVERSITY OF THE COMMONWEALTH SYSTEM OF HIGHER EDU
        1330 POLETT WALK, FL. 3
        PHILADELPHIA PA 19122
    2. DR. CARRIE SNYDER
        1330 POLETT WALK, FL. 3
        PHILADELPHIA PA 19122
    3. JEANETTE RIZZO
        1330 POLETT WALK, FL. 3
        PHILADELPHIA PA 19122
    4. DR. RACHAEL STARK
        1330 POLETT WALK, FL. 3
        PHILADELPHIA PA 19122

| | |
|---|---|
| **WEISBERG LAW** | **SCHAFKOPF LAW, LLC** |
| Matthew B. Weisberg, Esquire | Gary Schafkopf  *Filed and Attested by the* |
| Attorney ID. No.: 85570 | Attorney ID. No.: 83362 *Office of Judicial Records* |
| David A. Berlin, Esquire | 11 Bala Ave          *22 Nov 2024 0?:?? pm* |
| Attorney ID. No.: 314400 | Bala Cynwyd, PA 19004 |
| 7 South Morton Avenue | 610-664-5200 Ext 104 |
| Morton, PA  19070 | Fax: 888-283-1334 |
| (610) 690-0801 | |
| (610) 690-0880 – Fax | Attorneys for Plaintiff |

| | |
|---|---|
| **KRISTEN ARONOFF** | :    PHILADELPHIA COUNTY COURT OF |
| 723 Cooper Landing Road | :    COMMON PLEAS |
| Cherry Hill, NJ 08002 | : |
| | : |
| Plaintiff, | : |
| | :    DOCKET NO. |
| v. | : |
| | : |
| **TEMPLE UNIVERSITY-OF THE** | :    **JURY TRIAL OF TWELVE (12)** |
| **COMMONWEALTH SYSTEM OF** | :    **JURORS DEMANDED** |
| **HIGHER EDUCATION** | : |
| 1330 Polett Walk, Fl. 3 | : |
| Philadelphia, PA 19122 | : |
| | : |
| and | : |
| | : |
| **DR. CARRIE SNYDER, individually and** | : |
| **in her official capacity as Director of** | : |
| **Disability Resources Services at Temple** | : |
| **University-Of the Commonwealth System** | : |
| **of Higher Education** | : |
| 1330 Polett Walk, Fl. 3 | : |
| Philadelphia, PA 19122 | : |
| | : |
| and | : |
| | : |
| **JEANETTE RIZZO, individually and in** | : |
| **her official capacity as Associate Director** | : |
| **at Temple University- Of the** | : |
| **Commonwealth System of Higher** | : |
| **Education** | : |
| 1330 Polett Walk, Fl. 3 | : |
| Philadelphia, PA 19122 | : |

|  | : |
|---|---|
| and | : |
|  | : |
| **DR. RACHAEL STARK, individually and** | : |
| **in her official capacity as Dean of Students** | : |
| **at Temple University -Of the** | : |
| **Commonwealth System of Higher** | : |
| **Education** | : |
| 1330 Polett Walk, Fl. 3 | : |
| Philadelphia, PA 19122 | : |
|  | : |
| Defendants. |  |

## PRAECIPE TO ISSUE WRIT OF SUMMONS

TO THE PROTHONOTARY:

Kindly issue a Writ of Summons against the above-named Defendant in the above-

captioned matter.

Respectfully Submitted,

**WEISBERG LAW**                                    **SCHAFKOPF LAW, LLC**

/s/ Matthew B. Weisberg, Esq.                    /s/ Gary Schafkopf
Matthew B. Weisberg, Esq.                         Gary Schafkopf, Esq.
David Berlin, Esq.

                                                 *Attorneys for Plaintiffs*

Summons
Citacion

# Commonwealth of Pennsylvania
## COUNTY OF PHILADELPHIA

KRISTEN ARONOFF

_____

_Plaintiff_

vs.

TEMPLE UNIVERSITY, et. al.

_____

_Defendant_

:
:
:
:
:
:
:
:
:
:

COURT OF COMMON PLEAS

_____Term, 20_____

No._____

Filed and Attested by the
Office of Judicial Records
24 04:08 pm

To[1]
TEMPLE UNIVERSITY-OF THE
COMMONWEALTH SYSTEM OF
HIGHER EDUCATION; DR. CARRIE
SNYDER; JEANETTE RIZZO; DR.
RACHAEL STARK

# **Writ of Summons**

You are notified that the Plaintiff[2]
_Usted esta avisado que el demandante_
**KRISTEN ARONOFF**

Has (have) commenced an action against you.
_Ha (han) iniciado una accion en contra suya._

ERIC FEDER
_Director, Office of Judicial Records_

By: _____

Date:_____

10-208 (Rev. 3/20/24)

_____

[1] Name(s) of Defendant(s)
[2] Name(s) of Plaintiff(s)

Case ID: 240802775

Case ID: 240802775

# Court of Common Pleas

_____ Term, 20 _____

No. _____

_____
_Plaintiff_

vs.

_____
_Defendant_

## SUMMONS



**WEISBERG LAW**
Matthew B. Weisberg, Esquire
Attorney ID. No.: 85570
David A. Berlin, Esquire
Attorney ID. No.: 314400
7 South Morton Avenue
Morton, PA   19070
(610) 690-0801
(610) 690-0880 – Fax

**SCHAFKOPF LAW, LLC**
Gary Schafkopf
Attorney ID. No.: 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-283-1334

Attorneys for Plaintiff

|  |  |  |
|---|---|---|
| **KRISTEN ARONOFF**<br>723 Cooper Landing Road<br>Cherry Hill, NJ 08002 | : | PHILADELPHIA COUNTY COURT OF<br>COMMON PLEAS |
|  | : |  |
| Plaintiff, | : |  |
| v. | : | DOCKET NO.   240802775 |
|  | : |  |
| **TEMPLE UNIVERSITY-OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION**<br>1330 Polett Walk, Fl. 3<br>Philadelphia, PA 19122 | : | **JURY TRIAL OF TWELVE (12) JURORS DEMANDED** |
| and | : |  |
| **DR. CARRIE SNYDER, individually and in her official capacity as Director of Disability Resources Services at Temple University-Of the Commonwealth System of Higher Education**<br>1330 Polett Walk, Fl. 3<br>Philadelphia, PA 19122 | : |  |
| and | : |  |
| **JEANETTE RIZZO, individually and in her official capacity as Associate Director at Temple University- Of the Commonwealth System of Higher Education**<br>1330 Polett Walk, Fl. 3<br>Philadelphia, PA 19122 | : |  |

1

Case ID: 240802775

|  | : |
|---|---|
| and | : |
|  | : |
| **DR. RACHAEL STARK, individually and** | : |
| **in her official capacity as Dean of Students** | : |
| **at Temple University -Of the** | : |
| **Commonwealth System of Higher** | : |
| **Education** | : |
| 1330 Polett Walk, Fl. 3 | : |
| Philadelphia, PA 19122 | : |
|  | : |
| Defendants. | |

2

Case ID: 240802775

**NOTICE TO DEFEND**

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.<br> IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.<br><br>Philadelphia Bar Association<br>One Reading Center<br>11th & Market Streets<br>Philadelphia, PA 19107<br>215-238-6333 | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas ex-puestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.<br>USTED LE DEBE TOMAR ESTE PAPEL A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE A UN ABOGADO, VA A O TELEFONEA LA OFICINA EXPUSO ABAJO. ESTA OFICINA LO PUEDE PROPORCIONAR CON INFORMATION ACERCA DE EMPLEAR A UN ABOGADO. SI USTED NO PUEDE PROPORCIONAR PARA EMPLEAR UN ABOGADO, ESTA OFICINA PUEDE SER CAPAZ DE PROPORCIONARLO CON INFORMACION ACERCA DE LAS AGENCIAS QUE PUEDEN OFRECER LOS SERVICIOS LEGALES A PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO NI NINGUN HONORARIO.<br><br>Philadelphia Bar Association<br>One Reading Center<br>11th & Market Streets<br>Philadelphia, PA 19107<br>215-238-6333 |

Case ID: 240802775

<u>COMPLAINT</u>
**Parties**

1.    Plaintiff, Kristen Aronoff, is an adult individual residing at the above captioned address.

2.    Defendant, Temple University-of The Commonwealth System Of Higher Education ("Temple"), is a public university in Philadelphia.

3.    Defendant, Dr. Carrie Snyder, is an adult individual who, at all times material hereto, acted individually and in her official capacity as Director of Disability Resources Services at Temple University-Of the Commonwealth System of Higher Education.

4.    Defendant, Jeanette Rizzo, is an adult individual who, at all times material hereto, acted individually and in her official capacity as Associate Director at Temple University- Of the Commonwealth System of Higher Education.

5.    Defendant, Dr. Rachael Stark, is an adult individual who, at all times material hereto, acted individually and in her official capacity as Dean of Students at Temple University - Of the Commonwealth System of Higher Education or in her interim-role of Director of DRS.

6.    Venue is proper as all the events underlying this action occurred in Philadelphia County.

**Operative facts**

*Plaintiff's Role as Student Services Coordinator for Assistive Technologies*

7.    Plaintiff is DeafBlind.

8.    Specifically, Plaintiff has a degenerative eye condition, is legally blind, and is hard of hearing.

9.    Due to Plaintiff's eye condition, she experiences headaches and eye strain when utilizing her limited vision to read as opposed to utilizing a screen reader or other non-visual assistive technology.

4

Case ID: 240802775

10.    A screen reader is a form of assistive technology that, *inter alia*, reads aloud the text from a digital screen.  Using a screen reader is generally slower than visual reading.

11.    In 2019, Plaintiff was hired by Temple University as a Student Services Coordinator for Assistive Technologies.

12.    Plaintiff's duties included:

    a.    Conducting intakes interviews, making recommendations for accommodations, and provide follow up and support to students;

    b.    Determining appropriate accommodations for particular disabilities that comport with the law;

    c.    Coordinate services applicable to assigned caseload;

    d.    Serve as a resource to the University community on matters related to students with disabilities;

    e.    Maintaining the department database ensuring information about students is entered in a timely and accurate fashion;

    f.    Leading DRS work groups;

    g.    Developing and implementing programs to improve retention of students with disabilities; and,

    h.    Assisting in the development and implementation of department policies and procedures.

13.    Plaintiff joined her local union, AFSCME Local 1723.

14.    In September 2019, Plaintiff started her new role as student services coordinator.

15.    At the time, the Department of Disability Resources and Services was run by then-Interim Director Dr. Rachel Stark.

Case ID: 240802775

16.    Plaintiff's office computer had a Braille display.  Plaintiff worked with the Executive Director of Information Systems and Accessible Technology Initiative to set up her computer with JAWS (Job Access with Speech) and Kurzweil 1000.[1]

17.    In November 2019, Defendant Stark informed Plaintiff that Plaintiff needed to formalize her needed disability accommodations.

18.    In November 2019, Plaintiff formally requested accommodations including, but not limited to, a Braille display that works with a screen reader, an OCR program that works with a screen reader, office materials in Braille, a situational TASL (tactile American Sign Language) interpreter, captions or transcription of videos, and low lighting in her office.

19.    At the time of her request, Plaintiff had, or had access to, most of the needed accommodations.

20.    Defendant Stark signed off on Plaintiff's accommodation requests and told Plaintiff that nothing further needed to be done.

21.    Upon information and belief, it was Defendant Stark's responsibility to ensure that human resources properly received Plaintiff's accommodation requests.

22.    For her first two (2) years with Temple, Plaintiff received positive performance reviews.

*Plaintiff's First Discipline*

23.    In September 2021, Plaintiff missed an email communication from a student that resulted in a negative outcome for the student.

24.    Plaintiff worked diligently to resolve the issue for the student.

25.    The student ultimately had a positive outcome for the semester with Plaintiff's assistance.

---

[1] JAWS is a screen reader software.  Kurzweil 1000 is assistive technology software containing a number of tools including, but not limited to, a screen reader, optical character recognition (OCR), and Braille translation and formatting.

Case ID: 240802775

26.    Plaintiff sought out the advice of her supervisor, then-Associate Director Dr. Damon Johnson, who is also blind, to help her develop an email management solution that would work with her disabilities.

27.    In January 2022, Plaintiff met with Dr. Johnson to discuss email management solutions.

28.    Thereafter, Plaintiff implemented the email management solution she and Dr. Johnson developed.

29.    In January 2022, Defendant Stark became interim Director of DRS.

30.    Notably, in September 2021, Defendant Stark was not part of DRS.

31.    In February 2022, Plaintiff was called into an unplanned meeting with Defendant Stark. During this meeting, Defendant Stark discussed her intent to discipline Plaintiff for the September 2021 missed email.

32.    In March 2022, Plaintiff was formally disciplined for the September 2021 missed email and suspended for three days without pay.

33.    Upon information and belief, it was not common for employees to be disciplined 6 months after an infraction or to be punished so severely for a first infraction.

*Plaintiff's Seeing Eye Dog*

34.    Plaintiff utilizes a Seeing Eye dog.

35.    During her time at Temple, Plaintiff used her 1-hour lunch break to care for her Seeing Eye dog.

36.    Plaintiff did not specifically request an accommodation related to her Seeing Eye dog because she used her lunch break.

37.    Upon information and belief, Defendants knew, or should have known, that Plaintiff cared for her Seeing Eye dog on her lunch break.

7

Case ID: 240802775

38.     In 2021, a policy was implemented allowing employees to choose between a 30-minute with a later start time or a 1-hour lunch.

39.     Plaintiff continued to take a 1-hour lunch.

40.     In or around the beginning of the fall semester of 2022, Plaintiff's Defendant Snyder began making negative comments to Plaintiff about her utilizing her full 1-hour lunch break.

41.     Defendant Snyder suggested that Plaintiff should have worked on, or taken a shorter, lunch break to get more work done.

42.     Upon information and belief, other employees who chose to take their 1-hour lunch break did not receive such commentary and were not asked to work on their lunch break.

43.     Plaintiff commuted to Temple via public transportation.

44.     If Plaintiff was late to work due to a public transportation delay, Plaintiff was directed to take the time out of her lunch break.

45.     Upon information and belief, other employees who were late were not expected to take the time out of their lunch breaks.

*Additional Accommodations*

46.     In or around May or June 2022, Temple adopted a new database system that Plaintiff had trouble accessing with JAWS.

47.     After testing the new database system on her personal Mac computer ("Mac") and discovering it was compatible, Plaintiff requested that Temple purchase a Mac, so that the new database would be assessable to her.

48.     Temple purchased Plaintiff a Mac.

8

Case ID: 240802775

49.    Upon information and belief, Mac has more accessibility features than Windows.  Mac's accessibility features include, but are not limited to, Hover Text which magnifies select text, and VoiceOver, screen reader software.

50.    Utilizing Mac's accessibility features, like Hover Text, allowed Plaintiff to rely on visual reading as opposed to a screen reader, allowing her to get more work done.

51.    Relying on visual reading caused Plaintiff headaches and eye strain.

52.    In or around the beginning of the fall semester of 2022, Defendant Snyder frequently commented that Plaintiff was not getting enough work done.

53.    Plaintiff felt pressured to rely on visual reading to keep up with her ever-increasing workload.

54.    By the end of January 2023, relying on visual reading had become unsustainable for Plaintiff.

55.    Plaintiff needed to begin using a screen reader, VoiceOver, full-time.

56.    Plaintiff was experienced in using VoiceOver.  Plaintiff was the go-to expert in this software for DRS and used it in her personal life.

57.    However, not all websites and software are created equally and have varying levels of accessibility when using a screen reader.

58.    Similarly, different screen readers have different functionalities and controls.

59.    To use VoiceOver full-time, Plaintiff needed to learn to navigate Temple's database using the software.

60.    On February 1, 2023, Plaintiff met with Defendant Snyder to discuss using VoiceOver full-time and the impact that it would have on her efficiency while learning to navigate Temple's database.

Case ID: 240802775

61.    During the meeting, Defendant Snyder stated that she supported Plaintiff's decision to take care of herself and understood the need for change.

62.    Plaintiff left the meeting feeling positive about using VoiceOver full-time.

*Plaintiff's Second Discipline*

63.    In the following days, Plaintiff contracted a COVID infection and began feeling unwell.

64.    On February 5, 2023, Plaintiff had to go to the emergency department for asthma complications due to the COVID infection.

65.    Plaintiff used sick leave for February 6 and 7, 2023 as she was still sick or recovering from the COVID infection.

66.    Plaintiff returned to work on February 8, 2023.

67.    Plaintiff had around 11.5 hours of appointments scheduled for the days she was on sick leave that she had to reschedule.

68.    Plaintiff rearranged her full work calendar and worked on her personal time, i.e. overtime, to catch up with the work she missed while on sick leave.

69.    Plaintiff was still learning to navigate Temple's database with VoiceOver which slowed Plaintiff's ability to catch up with the work she missed while on sick leave.

70.    On February 15, 2023, Plaintiff had a routine one-on-one meeting with Associate Director Jeanette Rizzo.  Therein, Plaintiff informed Defendant Rizzo that she was having an accessibility and time issue but was almost caught up.

71.    By February 17, 2023, Plaintiff was able to catch up with the appointments and other administrative work she missed while on sick leave.

72.    On February 22, 2023, Plaintiff was called into a meeting with Defendant Snyder and Defendant Rizzo.

10

Case ID: 240802775

73.     During that meeting, Plaintiff was told that she was being disciplined for failing to reply to emails from two professors during that month, February.

74.     There was an additional note regarding a third missed email from January 2023, however, prior to this meeting, Plaintiff and Defendant Snyder had discussed this email and Plaintiff had explained it was merely a misunderstanding of the email.

75.     On March 9, 2023, a disciplinary hearing was held with Defendants Snyder and Rizzo.

76.     During the meeting, Plaintiff was heavily scrutinized by Defendants Snyder and Rizzo. Specifically,

   i.     Defendant Snyder complained that Plaintiff spent too much time on assistive technology.

   j.     Defendant Snyder complained that Plaintiff should have let her or Defendant Rizzo know about her accessibility challenges.

   k.     Defendant Snyder asserted that Plaintiff should use her personal time to familiarize herself with navigating VoiceOver and should utilize outside resources.

   l.     Defendant Snyder complained that Plaintiff alerted her to the need for accommodations, they would have been provided.

77.     Each complaint was insincere in nature.  Specifically,

   m.     Assistive technology was one of Plaintiff's duties outlined in her job description *as Student Services Coordinator for Assistive Technologies.*

   n.     Plaintiff formalized her need for accommodations, including a screen reader, in November 2019, shortly after she was hired.  In May or June 2022, Plaintiff requested a Mac when JAWS was no longer accessible with Temple's database.

Case ID: 240802775

And in the two months prior to this disciplinary hearing, Plaintiff had discussed her need for time as an accommodation with Defendant Snyder and Defendant Rizzo.

o.    Defendant Snyder's complaint regarding the navigation of VoiceOver demonstrated to Plaintiff that Defendant Snyder did not understand the reason Plaintiff's work had slowed, despite Plaintiff's previous conversation with Defendant Snyder in this regard.

p.    Plaintiff was not contractually required to work on her personal time.

q.    And other employees were not asked to work on their personal time.

78.    Plaintiff was suspended for three (3) days without pay.

79.    Plaintiff sent a copy of the accommodations she requested in November 2019 to Defendants Snyder and Rizzo.

80.    Dr. Snyder replied to Plaintiff's email that she was unaware Plaintiff had these accommodations.

81.    When Plaintiff returned to work, at Defendant Snyder and Defendant Rizzo's recommendation, Plaintiff scheduled three (3) hours to attend to the administrative tasks that she missed while suspended.

82.    Thereafter, Defendant Snyder and Defendant Rizzo demanded to know why Plaintiff had not gotten their approval to schedule administrative time.

83.    Upon information and belief, other employees are not required to get permission to schedule administrative time.

84.    Following the disciplinary action, Plaintiff was required to have weekly one-on-one meetings with Defendant Rizzo, when she previously had them bi-weekly.

Case ID: 240802775

85.    During these meetings, Defendant Rizzo would repeatedly ask Plaintiff if she had caught up on responding to emails.

86.    Specifically, Defendant Rizzo asked if Plaintiff had caught up on emails on February 22, March 1, March 8, March 9, March 16, March 17, March 29, April 10, and April 11, 2023.

87.    After April 11, 2023, Defendant Rizzo continued her frequent questioning of whether Plaintiff had caught up on emails, however, Plaintiff stopped counting to focus on the impending Spring 2023 final exams.

88.    Plaintiff felt harassed and belittled by Defendant Rizzo's questioning.

*Plaintiff's Resignation*

89.    Due to ongoing discrimination and harassment, Plaintiff felt forced to resign.

90.    On May 10, 2023, Plaintiff turned in her resignation with four (4) weeks' notice.

91.    On June 1, 2023, Defendant Rizzo asked Plaintiff to write extensive instructions on how to do her job.  The instructions she was asked to write included, but not were not limited to: 1) day to day operations, 2) how to conduct an assistive technology evaluations, 3) instructions on how to use all software and equipment that DRS owns or recommends, and 4) what kinds of technology would be best for students with different kinds of needs.

92.    Plaintiff also had been asked to train another colleague, Colin Vito, on how to perform some of her duties.

93.    Plaintiff's duties did not include training or writing a manual on the rudimentary functions of her job.

94.    In the five working days Plaintiff had left, Plaintiff authored a 95 page manual and created 12 video tutorials.

13

Case ID: 240802775

95.    Plaintiff was enrolled in a social work program at Temple and felt compelled to do this task because she would need to utilize DRS herself.  Plaintiff felt she needed to remain on good terms with DRS and also did not want the accommodations she needed as a student to become inaccessible.

96.    Plaintiff's last day was June 7, 2023.

97.    As a result of Defendants' conduct, Plaintiff has suffered severe emotional distress.

98.    Plaintiff filed dual filed a complaint with the EEOC and PHRC.

99.    On or about March 29, 2024, Plaintiff received her right to sue letter from the PHRC.  A copy of the letter is attached hereto as Exhibit 'A'.

*Plaintiff's Workload*

100.    Upon information and belief, Plaintiff's predecessor as Student Services Coordinator for Assistive Technologies had a caseload of approximately 400 students when he left in or around 2019.

101.    During the Spring 2023 semester, around 940 appointments were scheduled with students for assistive technology.  Plaintiff took 389, or 41%, of those appointments.  Defendant Rizzo took 291 of those appointments.  Another service coordinator, Bonnie Edwards, and Plaintiff's graduate student, Kristen Auer, took 236 and 23, respectively.  Defendant Snyder took 1.

102.    For the same semester, Plaintiff served as the point of contact to 501, or 55%, of requests.  Being the point of contact to a student requires creating a formal record of emails, calls, professor meetings, and campus partner meetings.

14

Case ID: 240802775

103.    In March 2023, Plaintiff was assigned 741 students, Defendant Rizzo was assigned 764 students, Ms. Edwards was assigned 363 students, Ms. Auer was assigned 42 students. There were 833 students not assigned a specific coordinator.

104.    By the time of Plaintiff's resignation, she had a caseload of approximately 1,200 students.

105.    Defendant Snyder and Defendant Rizzo's complaints regarding Appellant's performance were baseless.

106.    Plaintiff was expected to do more work than her colleagues.

*Graduate Certificate Program*

107.    Plaintiff originally sought a position in higher education to utilize the tuition remission benefit that typically comes with such a position.

108.    After being hired by Temple, Plaintiff enrolled in the Graduate Certificate Program in the College of Education for the spring 2020 semester.

109.    Unfortunately, the COVID-19 pandemic delayed Plaintiff's plans to start the program.

110.    Plaintiff re-enrolled in the Graduate Certificate Program for the fall 2022 semester.

111.    Prior to the fall 2022 semester, Plaintiff received permission from Defendant Snyder to enroll in two courses during her lunch hour.

112.    Plaintiff enrolled in two pre-requisite courses for the Music Therapy program.

113.    The second week of the fall 2022 semester, Plaintiff's permission to take these courses was revoked at the behest of Defendant Stark.

114.    According to Defendant Stark, employees were not permitted to take courses during the day.

115.    Upon information and belief, other employees are permitted to take and teach courses during the day.

15

Case ID: 240802775

116.    Moreover, Plaintiff's classes were during her lunch break and did not interrupt her work.

117.    For the spring 2023 semester, Plaintiff found a different program, Social Work, that offered

classes in the evening and enrolled.

118.    The Social Work program is a 3-year program.

119.    Plaintiff intended to remain at Temple for that time to complete the program.

120.    Since resigning from Temple, Plaintiff is no longer entitled to the tuition remission benefit

and has had to incur the cost of paying tuition.

121.    Since resigning from Temple, Plaintiff has had continuous problems getting the

accommodations she needs from the DRS.

122.    Plaintiff filed a complaint with the Office of Civil Rights ("OCR").

123.    The OCR resolved Plaintiff's complaint in favor of Plaintiff and against Temple.

124.    Despite the OCR's resolution of Plaintiff's complaint in her favor, Plaintiff continues to

have problems getting the accommodations she needs from the DRS.

125.    Specifically, Plaintiff has not been provided with the appropriate class materials in Braille.

**Claims**
**Count I**
Discrimination in violation of the Americans with Disabilities Act ("ADA")
Plaintiff v. Temple University

126.    Plaintiff hereby incorporates the foregoing paragraphs as if set forth fully herein.

127.    At all times material, Plaintiff was a qualified individual with a disability.

128.    Plaintiff requested reasonable accommodations in the form of, *inter alia*, additional time

to complete some tasks as she transitioned to using a screen reader full time on Temple's

new database.

129.    Plaintiff was subsequently suspended without pay and harassed by Defendants Snyder and

Rizzo as a result of needing additional time.

Case ID: 240802775

130. Plaintiff was constructively discharged, as she forced to resigned due to the pervasive nature of the discrimination.

131. Defendants' conduct constituted unlawful disability discrimination.

132. As a direct and proximate result of Defendants' actions against Plaintiff, Plaintiff has suffered mental and emotional damages, Plaintiff has incurred, and will continue to incur, substantial economic damages.

**WHEREFORE,** Plaintiff demands judgment in his favor and against Defendants in an amount in excess of fifty thousand dollars ($50,000.00), together with interest, costs, punitive damages, attorney's fees and such other and further relief as this Honorable Court deems just, including equitable injunctive relief.

### Count II
Retaliation in violation of the ADA
Plaintiff v. Temple University

133. Plaintiff hereby incorporates the foregoing paragraphs as if set forth fully herein.

134. Defendants' conduct constituted unlawful retaliation.

135. In addition, Plaintiff has continued to suffer retaliation from the DRS at Temple.

136. As a direct and proximate result of Defendants' unlawful retaliation against Plaintiff, Plaintiff has suffered mental and emotional damages, Plaintiff has incurred, and will continue to incur, substantial economic damages.

**WHEREFORE,** Plaintiff demands judgment in his favor and against Defendants in an amount in excess of fifty thousand dollars ($50,000.00), together with interest, costs, punitive damages, attorney's fees and such other and further relief as this Honorable Court deems just, including equitable injunctive relief.

### Count III
Discrimination and retaliation in violation of the Pennsylvania Human Rights Act ("PHRC")

17

Case ID: 240802775

Plaintiff v. All Defendants

137. Plaintiff hereby incorporates the foregoing paragraphs as if set forth fully herein.

138. Defendants' conduct constituted unlawful discrimination and retaliation.

139. As a direct and proximate result of Defendants' actions and unlawful retaliation against Plaintiff, Plaintiff has suffered mental and emotional damages, Plaintiff has incurred, and will continue to incur, substantial economic damages.

**WHEREFORE,** Plaintiff demands judgment in his favor and against Defendants in an amount in excess of fifty thousand dollars ($50,000.00), together with interest, costs, punitive damages, attorney's fees and such other and further relief as this Honorable Court deems just, including equitable injunctive relief.

**WEISBERG LAW**

/s/ David A. Berlin
David A. Berlin, Esquire
Matthew B. Weisberg, Esquire
Attorneys for Plaintiff

18

**WEISBERG LAW**                        **SCHAFKOPF LAW, LLC**
Matthew B. Weisberg, Esquire            Gary Schafkopf
Attorney Id. No.: 85570                 Attorney Id. No.: 83362
David A. Berlin, Esquire                11 Bala Ave
Attorney Id. No.: 314400                Bala Cynwyd, PA 19004
7 South Morton Avenue                   610-664-5200 Ext 104
Morton, PA  19070                       Fax: 888-283-1334
(610) 690-0801
(610) 690-0880 – Fax                    Attorneys for Plaintiff

| | |
|---|---|
| **KRISTEN ARONOFF,** | : |
| | :   PHILADELPHIA COUNTY COURT OF |
| | :   COMMON PLEAS |
|       Plaintiff | : |
|     v. | : |
| | :   CIVIL COMPLAINT NO.   240802775 |
| **TEMPLE UNIVERSITY – OF THE** | : |
| **COMMONWEALTH SYSTEM OF** | : |
| **HIGHER EDUCATION, et al.** | :   JURY TRIAL DEMANDED |
| | : |
|       Defendants. | : |

## CERTIFICATE OF SERVICE

     I, David Berlin Esquire, hereby certify that on November __, 2024 a true and correct

copy of Plaintiff's Complaint was served via certified, first class mail upon the Defendants.

                    **WEISBERG LAW**

                    */s/ David Berlin*
                    David A. Berlin, Esq.
                    Matthew B. Weisberg, Esq.
                    *Attorneys for Plaintiff*

Case ID: 240802775

WEISBERG LAW                         SCHAFKOPF LAW LLC
Matthew B. Weisberg, Esquire        Gary Schafkopf, Esquire
Attorney ID No. 85570               Attorney ID No. 83362
David A. Berlin, Esquire            11 Bala Ave
Attorney ID No. 314400              Bala Cynwyd, PA 19004
7 South Morton Ave.                 610-664-5200 Ext 104
Morton, PA 19070                    Fax: 888-283-1334
610-690-0801
Fax: 610-690-0880                   *Attorneys for Plaintiff*

| | | |
|---|---|---|
| **KRISTEN ARONOFF,** | : | PHILADELPHIA COUNTY COURT OF |
| | : | COMMON PLEAS |
| Plaintiff | : | |
| v. | : | |
| | : | CIVIL COMPLAINT NO.  240802775 |
| **TEMPLE UNIVERSITY – OF THE** | : | |
| **COMMONWEALTH SYSTEM OF** | : | |
| **HIGHER EDUCATION, et al.** | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |

## VERIFICATION

I, Kristen Aronoff, hereby verify that the factual averments in the foregoing Complaint

are true and correct to the best of my knowledge, information, and belief.  I understand that if

any of the foregoing statements made by me are willfully false, I am subject to punishment.  I

acknowledge that the foregoing Verification is made subject to the penalties of 18 Pa.C.S.A.

§4904 relating to unsworn falsification to authorities.


/s/Kristen Aronoff_                    11/14/2024_____
Kristen Aronoff                        Date

# Exhibit A

Case ID: 240802775



# pennsylvania
## HUMAN RELATIONS COMMISSION

March 29, 2024

Kristen A Aronoff
723 Cooper Landing Rd
Cherry Hill, NJ 08002

RE:   Kristen A Aronoff vs. Temple University
      PHRC Case No. 202300544

Dear Kristen,

It has been at least one year since you filed your complaint with the Pennsylvania Human Relations Commission. This is to notify you that you now have the right to bring an action in the appropriate Pennsylvania Court of Common Pleas based on the alleged violations of the PHRAct contained in your Commission complaint. This right is provided under Section 12(c) of the Human Relations Act, 43, P.S. § 962(c).

Please be advised that you are not required to file such an action in the State Court of Common Pleas. The Commission is continuing to process your case, and we will make every effort to resolve it as soon as possible. If we are not notified otherwise, we will assume that you want the Commission to continue handling your case.

If you do file a complaint in a Court of Common Pleas, the Commission will dismiss your complaint. This means that you will be unable to have the Commission decide your case even if your complaint is dismissed in State Court because of a procedural error. Procedural errors may include filing the complaint in State Court in the wrong county or filing in State Court after your time to file has expired. For this reason, you should make every effort to assure that any complaint you file in State Court will be properly filed before you file it.

If you believe you might want to take your case to State Court, we suggest that you consult a private attorney about representing you in that action. This should be done before you file the complaint so that your attorney may advise you on the best course of action for you to take.

Should you file a complaint in State Court, you are required by Section 12(c)(2) of the Pennsylvania Human Relations Act to serve the Human Relations Commission with a copy of the Court complaint. This copy must be served on the Commission at the same time you file it in Court. The copy is to be sent to the investigator assigned to your case.

If you have any questions concerning this matter, please feel free to contact the investigator who is handling your case.

Sincerely,
Enforcement Division
PA Human Relations Commission

cc: